UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TONY LAMAR CARD,

                Plaintiff,

    v.

GRADY J. LEUPOLD,

               Defendant.

CASE NO. 3:23-CV-6152-TMC

REPORT AND RECOMMENDATION

Noting Date: January 5, 2024

      The District Court has referred Plaintiff Tony Lamar Card's pending Application to Proceed *In Forma Pauperis* ("IFP") and proposed complaint to United States Magistrate Judge David W. Christel pursuant to Amended General Order 11-22. On December 14, 2023, Plaintiff filed a proposed civil complaint and an application to proceed *in forma pauperis* ("IFP"), that is, without paying the filing fee for a civil case. *See* Dkts. 1; 1-1.

      In determining whether IFP should be granted in this case, the Court has reviewed the proposed complaint and finds Plaintiff has failed to state a claim upon which relief can be granted. The Court also finds leave to amend is not warranted. Therefore, the Court recommends this case be dismissed with prejudice and the Application to Proceed IFP (Dkt. 1) be denied.

REPORT AND RECOMMENDATION - 1

**Review of the Proposed Complaint.** The Court has carefully reviewed the proposed complaint in this matter. Because Plaintiff filed this complaint *pro se*, the Court has construed the pleadings liberally and has afforded Plaintiff the benefit of any doubt. *See Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir.1988).

In his proposed complaint, Plaintiff names Judge Grady J. Leupold as the sole defendant. Dkt. 1-1. The proposed complaint, however, contains no clear allegations against Judge Leupold. *See id*. Rather, in the proposed complaint, which is 172 pages long, Plaintiff complains of various criminal matters. *See id*. In the Statement of Claim, Plaintiff states:

> I have challenged jurisdiction in every court hearing with no proof anyone ever had it, I have requested via F.O.I.A. request an oath of office and F.A.R.A. with no response. I have been falsely arrested and have filed with all proper authorities just to expose the full corruption of the court system. I will either find an honest judge or I will have you on a plane ride to Cuba for your own military tribunal. Executive order 13823

Dkt. 1-1 at 5.

**Sua Sponte Dismissal.** The district court may permit indigent litigants to proceed IFP upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). However, the Court must subject each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening and order the *sua sponte* dismissal of any case that is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to *sua sponte* dismiss an IFP complaint that fails to state a claim). An IFP complaint is frivolous if "it ha[s] no arguable substance in law or fact." *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369 (9th Cir.

REPORT AND RECOMMENDATION - 2

1987) (citing *Rizzo v. Dawson*, 778 F.2d 527, 529 (9th Cir. 1985); *see also Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

Furthermore, a federal court may dismiss a case *sua sponte* pursuant to Fed. R. Civ. P. 12 (b)(6) when it is clear that the plaintiff has not stated a claim upon which relief maybe granted. *See Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir.1987) ("A trial court may dismiss a claim sua sponte under Fed. R. Civ. P. 12 (b)(6). Such a dismissal may be made without notice where the claimant cannot possibly win relief."); *see also Mallard v. United States Dist. Court*, 490 U.S. 296, 307-08 (1989) (noting there is little doubt a federal court would have the power to dismiss a frivolous complaint *sua sponte*, even in absence of an express statutory provision).

Judge Leupold, the sole defendant named in this case, has judicial immunity. "Anglo–American common law has long recognized judicial immunity, a sweeping form of immunity for acts performed by judges that relate to the judicial process." *In re Castillo*, 297 F.3d 940, 947 (9th Cir. 2002)(internal quotations omitted). "Absolute immunity fails to attach to judicial officers only when they act clearly and completely outside the scope of their jurisdiction." *Demoran v. Witt*, 781 F.2d 155, 158 (9th Cir. 1985)(internal citations omitted).

Plaintiff fails to state the alleged wrong-doing of Judge Leupold. *See* Dkt. 1-1. However, as the actions giving rise to his complaint appear to be related to the judicial process, Judge Leupold has absolute judicial immunity from this suit. *See Olson v. Idaho State Board of Medicine*, 363 F.3d 916 (9th Cir. 2004) (noting that judges are entitled to absolute immunity for actions taken within their jurisdiction). Moreover, Plaintiff's statements have not clearly shown how his rights were violated and Plaintiff fails to allege any facts that support his conclusion that Judge Leupold has violated his rights. Regardless, "[a]llegations of malice or bad faith in the execution of the officer's duties are insufficient to sustain the complaint when the officer possesses absolute judicial immunity." *Demoran*, 781 F.2d at 158. This case has no arguable

REPORT AND RECOMMENDATION - 3

basis in law or fact. Therefore, the proposed complaint should be dismissed as frivolous and for failure to state a claim.

**Leave to Amend.** Unless it is absolutely clear that no amendment can cure the defect, a *pro se* litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995).

In this case, any attempt by Plaintiff to amend the proposed complaint would be futile. As such, the Court finds Plaintiff should not be afforded leave to amend his proposed complaint.

**Decision on Application to Proceed IFP.** A district court may deny leave to proceed IFP at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit. *Minetti v. Port of Seattle*, 152 F.3d 1113 (9th Cir. 1998); *Tripati v. First Nat'l Bank & Trust*, 821 F. 2d 1368, 1370 (9th Cir. 1987). The proposed complaint is frivolous and entirely without merit. Based upon the above analysis of the deficiencies in the proposed complaint, the Court recommends denying Plaintiff's Application to Proceed IFP (Dkt. 1).

**IFP on Appeal.** In the event that Plaintiff appeals any order entered in this case and/or appeals dismissal of this case, IFP status should be denied by this Court, without prejudice to Plaintiff to file with the Ninth Circuit U.S. Court of Appeals an application to proceed IFP.

**Conclusion.** For the above stated reasons, the undersigned recommends Plaintiff's Application to Proceed IFP (Dkt. 1) be denied, this case be dismissed with prejudice as frivolous and for failure to state a claim, and any IFP status on appeal be denied without prejudice to Plaintiff to file with the Ninth Circuit U.S. Court of Appeals an application to proceed IFP.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those

REPORT AND RECOMMENDATION - 4

objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set the matter for consideration on January 5, 2024, as noted in the caption.

Dated this 20th day of December, 2023.

David W. Christel
Chief United States Magistrate Judge

REPORT AND RECOMMENDATION - 5